DENMAN, JR., ET., PLAINTIFFS-APPELLEES, *v.*
CINCINNATI (CITY), A MUNICIPAL CORPORATION, AND GLEN REALTY, INC., AN OHIO CORPORATION, DEFENDANTS-APPELLANTS.

Ohio Appeals, First District, Hamilton County.

Decided January 12, 1959.

*Messrs. Cors, Hair, Hartsock & Schneider,* for plaintiffs-appellees.

*Mr. Jarmes W. Farrell, Jr.,* city solicitor, and *Mr. Wallace M. Power,* assistant city solicitor, for defendant-appellant.

*Messrs. Graydon, Head & Ritchey* and *Mr. William A. Mc-Kenzie,* for Glen Realty, Inc., defendant-appellant.

*Per Curiam.* This is an appeal on law and fact from a judgment awarding an injunction restraining the defendants from proceeding with the plan to erect seven apartment buildings upon a tract of land of 5.8 acres owned by the defendant, Glen Realty, Inc., together with the necessary approach and accessories. Four of the apartment buildings contain ten family units and three contain eleven.

The plaintiffs are owners and residents in the immediate vicinity and some are contiguous to the real estate upon which it is proposed to erect these apartment buildings.

The property of both plaintiffs and defendant, Glen Realty, Inc., is located in Residence B Zone. As originally defined, apartment buildings in Residence B Zone were limited to those containing not more than four units. In 1949, the Zoning Ordinance was amended so as to permit, under certain circumstances, apartment buildings in Residence B Zone, without restriction as to the number of family units.

The plaintiffs contest the right of the defendants to proceed with the proposed construction for the following reasons: (1) As applied to the facts in this case, they contend that the

amendment of the Zoning Ordinance deprives them of property without due process of law and is, therefore, unconstitutional.

That every governmental law or regulation must be reasonable and non-discriminatory in its application is beyond cavil or controversy. Whether it is reasonable and non-discriminatory is a question of fact in each case. And it is the function of the legislative department of government to determine in the first instance whether legislation is per se within constitutional limitations, and then for the judicial department to keep its application within constitutional bounds.

In this instance, the trial court found on the evidence before it that it could not say that this zoning amendment was unreasonable or discriminatory. On the evidence before us, we conclude that we cannot say as a matter of fact that its application is unreasonable or discriminatory. Counsel cite the case of *Clifton Hills Realty Co.* v. *City of Cincinnati*, 60 Ohio App., 443, 21 N. E. (2d), 993, but that case was decided on a demurrer to the petition and, of course, on the assumption that the allegations of unreasonableness and discrimination were true. In the case at bar we decide the issue of fact that the amendment in its application is neither unreasonable nor discriminatory.

(2) Next, it is claimed that the parcel does not have a frontage of 60 feet upon a public street, as required by the amendment itself, and is, therefore, unauthorized by it.

It is true that Glengate Lane which it is proposed to use as the approach to this parcel is only 40 feet wide, but to give it a 60 foot frontage a strip at the end of Glengate, 10 feet wide and 60 feet laterally has been dedicated in order to comply with what seems to be a technical objection. We find it has the effect of obviating the objection. We regard the objection as technical, because after the extension of Glengate Lane, as planned, each of the apartment buildings will have a frontage of more than 60 feet upon the extension.

(3) When Glengate Lane was platted, it extended up to the boundary of the parcel of land upon which these apartment buildings are to be constructed, but a strip 10 feet wide, next adjoining, was left in its original condition, and has not been used by the traveling public. However, it was improved by the subdivider under the supervision of the officials of the City of Cincinnati, and all departments certified that it had

274

been improved according to the municipal requirements, and, thereupon, the council of the City of Cincinnati passed an ordinance accepting the dedication.

We hold that the improvement of Glengate Lane is a substantial compliance with the ordinance; and, also, that the City of Cincinnati, by its action, is estopped to claim otherwise. We hold that title to the strip 10 feet wide next adjoining the Glen Realty, Inc.'s parcel passed to the City of Cincinnati, and that Glen Realty, Inc.'s parcel has a frontage on Glengate Lane.

In the whole case, we decide in favor of the defendants.

An entry dismissing the action may be presented.

HILDEBRANT, P. J., MATTHEWS and LONG, JJ., concur.